IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH KIESZKOWSKI, | ) | FILED: MARCH 30, 2009 |
| | ) | 09CV1936 |
| Plaintiff, | ) | JUDGE COAR |
| | ) | MAGISTRATE JUDGE KEYS |
| v. | ) No. | CH |
| | ) | |
| PERSONALCARE INSURANCE | ) | |
| OF ILLINOIS, INC; a wholly owned | ) | |
| subsidiary of Coventry Health Care, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Now comes the Plaintiff, KENNETH KIESZKOWSKI, by his attorneys MARK DE BOFSKY and DALEY, DE BOFSKY & BRYANT, and complaining against the defendant, he states:

### JURISDICTION AND VENUE

1.     Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. § 1001, 29 U.S.C. §§1132(e)(1) and 1132(f).  Those provisions give the district courts jurisdiction to hear civil actions brought pursuant to 29 U.S.C. §1132(a)(1)(B).  In addition, this action may be brought before this court pursuant to 28 U.S.C. §1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2.     The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials.  Those avenues of appeal have been exhausted.

3.      Venue is proper in the Northern District of Illinois.  28 U.S.C. § 1391.

### NATURE OF ACTION

4.      This case challenges Defendant's practice of denial and or rescission of group health benefits in relation to applicants seeking coverage from PersonalCare Insurance of Illinois ("PersonalCare") who have creditable coverage under HIPAA (29 U.S.C. § 1181 *et seq.*).  Like the plaintiff in *Werdehausen v. Benicorp. Ins.Co.,* 487 F.3d 660 (8th Cir. 2007), the plaintiff, Kenneth Kieszkowski (hereinafter "Kieszkowski"), mistakenly, unintentionally, and inadvertently failed to disclose in a health insurance application certain prior medical conditions and treatment due to his belief that his employer's health benefits Plan administrator was already aware of his prior medical condition.   Under HIPAA, because Kieszkowski had creditable coverage, he could not have been excluded from his employer's health insurance plan due to a pre-existing condition.  However, the defendant, PersonalCare, applied a uniform policy of rescinding coverage when it learned of Kieszkowski's unintentional and inadvertent omissions on his health insurance application rather than increase premiums owed if the premiums would even have been affected at all.  Thus, Plaintiff seeks reinstatement of group health insurance pursuant to a group health care plan issued and insured by PersonalCare (hereinafter "The Plan") (A true and correct copy of a typical PersonalCare health Plan substantially identical to the one issued to insure the EJ Equipment health plan is attached hereto as Exhibit "A") pursuant to 29 U.S.C. §1132(a)(1)(B) which allows a Plan participant to recover and clarify the right to benefits or enforce the terms of an employee benefit Plan.

**THE PARTIES**

5.      Plaintiff, Kenneth Kieszkowski (hereinafter "Kieszkowski"), is a resident of Manteno, Illinois.  At all time relevant hereto, Kieszkowski has been an employee of E.J. Equipment and an insured participant in the EJ Equipment Group Health Plan.

6.      Defendant, PersonalCare, is a subsidiary of Coventry Health Care, Inc., a Delaware corporation.  PersonalCare does business in the State of Illinois and within the Northern District of Illinois.  Plaintiff's employer group, E.J Equipment, M&D Transfer (herein after "EJ Equipment) requested coverage with PersonalCare for their employees effective January 1, 2008, for the purpose of providing health insurance benefits to insure the EJ Equipment Health Plan; and said coverage constitutes a welfare benefit plan within ERISA (29 U.S.C. § 1002(1)).

**STATEMENT OF FACTS**

7.      Kieszkowski is a 51 year old man (DOB 6/xx/1957) employed by E.J. Equipment, M&D Transfer, in Manteno, Illinois.  Kieszkowski became a participant in E.J. Equipment's group health plan insured or administered by Group Administrators, Ltd on or before February 10, 2006 (see attached Certificate of Creditable Coverage attached hereto and by that reference incorporated herein as Exhibit "B").   As a participant in the Plan, Kieszkowski made various medical claims to Group Administrators which became a part of the Plan's records.   Kieszkowski's medical file and records maintained by the Plan contained information that Kieszkowski was a diabetic, had a liver ailment, and suffered from hepatitis C.

8.      E.J. Equipment changed insurers from Group Administrators to PersonalCare at the end of 2007.  To remain Plan participants, Kieszkowski and the other

3

E.J. Equipment employees were required to complete PersonalCare's enrollment application and change form. The form required disclosure of Kieszkowski's medical history, including whether he:

> "ever had, consulted for, sought treatment, had treatment recommended, received treatment, been surgically treated or been hospitalized for any of the following conditions:
>
> 1. Cardiovascular disease or heart attack; stroke; disorder of the kidney, stomach, intestines or liver; mental or nervous condition; central nervous systems disorders; diabetes, and disorder of the lungs or respiratory system; cancer or any immune deficiency disorder, HIV, AIDS, or AIDS related complex?

9.     Kieszkowski understood that in filling out the application, he was only required to affirmatively list medical conditions for which he had not previously received treatment while a participant in the Plan.  Thus, Kieszkowski's October 19, 2007, application answered "no" to the abovementioned question.

10.     PersonalCare approved E.J. Equipment's group health plan, and took over the books and records on file with the previous insurer, which would have included records of Kieszkowski's prior medical conditions.

11.     In a letter dated June 27, 2008, PersonalCare denied coverage for Kieszkowski, claiming that he was a known Type II diabetic, has a liver ailment, and has been taking medications to treat hepatitis C since at least June of 2007. Despite the medical evidence already in the Plan's possession relating to Kieszkowski's medical condition, PersonalCare has asserted the medical conditions were previously unknown.

12.     Defendant retroactively rescinded Kieszkowski's benefits on June 25, 2008, back to his initial date of enrollment, January 1, 2008, thus entirely negating and voiding his coverage.  The reason given in PersonalCare's termination letter (attached as Exhibit "C") was an assertion that Kieszkowski made a material misrepresentation when he

allegedly omitted information related to his diabetes, kidney, and liver condition on his application for enrollment on October 19, 2007.

13.    Even assuming the foregoing, PersonalCare was or should have been fully aware of Kieszkowski's prior medical conditions when it assumed the actual or de facto role of plan administrator; thus, there were no material misrepresentations. In the alternative, Kieszkowski did not knowingly or intentionally make any material omissions or false statements to PersonalCare.

14.    The Plan contains a provision that a participant's coverage shall terminate upon the occurrence of the event of "knowingly misrepresenting or giving false information on any enrollment application form that is material to PersonalCare's acceptance of such application."  (See PersonalCare's policy, p. 12, § 4.1, attached as Exhibit "A")

15.    Under HIPAA's "pre-existing condition" definition, the Plan would not be allowed to exclude Plaintiff from coverage based on his health history because Plaintiff has satisfied all requirements for creditable coverage.  29 U.S.C. § 1181.

16.    Defendant, however, in order to avoid the pre-existing condition provisions of HIPAA, mandated retroactive underwriting for new participants, thereby defeating the intent and purpose of HIPAA by effectively excluding claimants who have pre-existing conditions.  On information and belief, instead of rescinding Kieszkowski's coverage, PersonalCare could have adjusted the premiums owed if there was even an adjustment that would have been required.

17.    At all times relevant hereto, the Plan and PersonalCare owed a fiduciary duty to Kieszkowski and all plan participants to act exclusively on their behalf.   29

U.S.C. § 1104(a)(1).  Contrary to that duty, PersonalCare put its financial interest ahead of the plan participants and rescinded coverage.

18.    Despite the fiduciary duties owed to Kieszkowski, as well as his statutory right under ERISA (29 U.S.C. § 1133) to a full and fair review considering and weighing all of the evidence, and despite the fact that Kieszkowski's non-disclosure was inadvertent, PersonalCare failed to perform a full and fair review, failed to give consideration to all aspects of Kieszkowski's claim for coverage under the Plan, and has refused to reverse its decision to rescind Plaintiff's coverage.

19.    All avenues of pre-suit have now been exhausted.

20.    As coverage for preexisting conditions are assured according to HIPAA, subject to prior creditable coverage, Kieszkowski, or others similarly situated, would have little reason to submit intentionally false applications to PersonalCare.

21.    The fortuitous business impact of this automatic rescission comes at the expense of the federal policy enacted in HIPAA - - it results in continuous coverage of employees who are most in need of group health care coverage.

22.    As a result of the foregoing, there is due and owing to the Plaintiff by reason of defendant's deliberate failure to give consideration to all aspects of Plaintiff's claim, reinstatement of Plaintiff's health care benefits rescinded on January 1, 2008.

23.    Defendant's actions caused damage to Plaintiff which can only be remedied by reinstating his coverage.

WHEREFORE, Plaintiff, Kenneth Kieszkowski, prays:

A.      That the Court enter judgment in Plaintiff's favor and against the Defendant and that the Court order the Defendant to reinstate Plaintiff's benefits;

B.      That the Court award Plaintiff his attorney's fees incurred in bringing this action pursuant to 29 U.S.C. §1132(g); and

C.      That Plaintiff recover any and all other relief to which they may be entitled, as well as the costs of suit.

Respectfully submitted,

/s/ Mark D. DeBofsky

_____

One of the attorneys for plaintiffs

Mark D. DeBofsky
Daley, DeBofsky & Bryant
55 W. Monroe St., Suite 2440
Chicago, Illinois 60602
(312) 372-5200
FAX (312) 372-2778